PATRICK O. HIGGINS AND JANIS T. HIGGINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Higgins v. Commissioner
Docket No. 21448-92
United States Tax Court
T.C. Memo 1995-139; 1995 Tax Ct. Memo LEXIS 133; 69 T.C.M. (CCH) 2281; March 29, 1995, Filed *133 Decision will be entered for Respondent. Patrick O. Higgins, pro se. For respondent: Brently W. Free
PARR
PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1990 of $ 12,020, all of which is in dispute. The only issue to be decided is the amount of loss, if any, petitioners can deduct under section 165(c), [1] on the sale of certain rental property in 1990. We hold that petitioners sustained no deductible loss on the sale of the rental property in 1990. FINDINGS OF FACT The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Austin, Texas. Petitioners are married and filed a joint Federal income tax return for the year at issue. References *134 to petitioner in the singular are to Mr. Higgins. Petitioner is an insurance salesman; petitioner wife is a real estate saleswoman. In 1984, petitioners purchased a house in Austin, Texas, (hereinafter Barclay property) for $ 325,000. Petitioners made various improvements to the property while it was their personal residence, and had an adjusted cost basis in the property of $ 381,997.76, as of May 26, 1989. They lived in the house as their personal residence from the date of purchase until May 1989. On May 26, 1989, petitioners entered into a contract to lease the home with an option to buy. The purchaser, Mr. John Gorman, paid petitioners $ 20,000 for the option; the $ 20,000 was to be applied against the purchase price if the option was exercised. Additionally, the lease/option provided that $ 1,000 of each $ 3,055.79 monthly lease payment would be applied against the agreed prospective purchase price of $ 295,000, if Mr. Gorman exercised the option by January 31, 1990. On February 15, 1990, Mr. Gorman purchased the Barclay property for $ 295,000. Copies of the lease/option agreement and the contract for sale of the Barclay property were admitted into evidence at trial. *135 In the notice of deficiency, respondent determined that petitioners had not converted their personal residence into rental property; respondent conceded this issue at trial. Additionally, respondent determined that petitioners had not established that the adjusted basis of the property exceeded the sales price. OPINION A loss on the sale of a personal residence is not deductible under section 165(a). Sec. 1.165-9(a), Income Tax Regs. If a personal residence has been converted to income-producing property and sold for a loss, the loss is allowed as a deduction. Sec. 165(a); sec. 1.165-9(b), Income Tax Regs. At the time of the conversion from personal to business use, if the fair market value at the date of conversion is less than the adjusted cost basis of the property, the fair market value becomes the adjusted basis of the property for calculation of loss. Heiner v. Tindle, 276 U.S. 582 (1928); sec. 1.165-9(b)(2), Income Tax Regs.
Petitioners assert that the fair market value of the Barclay property was $ 350,000 [2] on the date the property was converted from their personal residence to rental property. They now seek to deduct the difference *136 between $ 350,000 and $ 295,000 as a loss. Respondent contends that the fair market value of the Barclay property was $ 295,000 -- the lease/option stated purchase price on the date the lease/option was signed and the home became rental property. Petitioner has the burden of proof on this issue. Rule 142(a). Petitioner asserts that the sale of the Barclay property was made under duress, due to imminent foreclosure, and thus petitioners sold the property for less than the fair market value. For this reason, petitioner asserts that the fair market value of the property as of the date of its conversion to income producing purposes was higher than the "forced" sale price. However, we are persuaded that $ 295,000 was the fair market value on the date of conversion. Petitioner wife's income from her real estate business fell from around $ 100,000 in the early 1980's to around $ 16,000 in the year in issue -- evidence of the real estate *137 crash. We accept petitioner's testimony that local real estate values were falling in 1988 and 1989. In 1987 petitioners advertised the home for $ 399,999, then $ 359,000, and finally $ 329,000, and still had no offers before they entered into the lease/option on May 26, 1989. On May 26, 1989, petitioners knew that the most they could sell the property for was $ 295,000. Petitioner argued that the value of the Barclay property kept dropping from the time it was converted to rental property until the sale. But, the sale price was fixed on the date the property was leased with the option to buy, there were no other offers made to purchase the house, and the house had been on the market more than a year at higher prices. This was the only offer petitioners had received. It may be true that housing prices became more depressed between the date the house was leased and the date the sale was completed, but the price of the sale of the Barclay property was established on May 26, 1989. For the above reasons, we hold that the fair market of the Barclay property on May 26, 1989, was $ 295,000. Thus, since petitioners' basis equals the amount they received on the sale, petitioners have *138 no loss to deduct under section 165(c) upon the sale of the Barclay property in 1990. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. On their 1990 Schedule D, petitioners claimed a basis in the house of $ 358,500.↩